**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4634**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

HARVEST MAURICE SLOAN,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Mary G. Lewis, District Judge.  (6:17-cr-00628-MGL-1)

Submitted:  May 13, 2024                      Decided:  May 16, 2024

Before WYNN, Circuit Judge, and MOTZ and TRAXLER, Senior Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Aimee Zmroczek, A.J.Z. LAW FRIM, LLC, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Maxwell B. Cauthen, III, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harvest Maurice Sloan appeals the 120-month sentence imposed after a jury convicted him of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).* His sole argument on appeal concerns the adequacy of the district court's sentencing explanation. Specifically, Sloan contends that the court neglected to address his claim that a time-served sentence was warranted so that he could take care of his ailing parents. Finding no reversible error, we affirm.

We review a defendant's sentence for procedural reasonableness, applying a deferential "abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, we consider, among other things, whether the district court addressed any nonfrivolous arguments for a different sentence. *United States v. Blue*, 877 F.3d 513, 518-19 (4th Cir. 2017).

To preserve a challenge to the adequacy of the district court's sentencing explanation, a defendant need only request "a sentence different than the one ultimately imposed" by drawing from the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). But if the defendant neglects to do so, then we review only for plain error. *Id.* at 580.

Contrary to his arguments on appeal, Sloan never articulated a request for any particular sentence. Instead, he "merely pointed out" mitigating factors, *id.* (cleaned up),

---

* In a prior appeal, we affirmed Sloan's conviction but vacated his sentence. *United States v. Sloan*, No. 18-4782, 2022 WL 1499647 (4th Cir. May 12, 2022). Sloan now appeals the sentence imposed on remand.

2

such as his parents' need for a caretaker and his efforts at rehabilitation. Because Sloan did not ask the court for a sentence that was different than the one he received, plain error review applies. *Id.* To prevail under this standard, Sloan "must establish (1) that the court erred, (2) that the error is clear and obvious, (3) that the error affected [his] substantial rights, and [(4)] that the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Ortiz-Orellana*, 90 F.4th 689, 699 (4th Cir. 2024) (cleaned up).

At the end of the sentencing hearing, Sloan's counsel expressly conceded that the district court had not committed any procedural errors, arguably waiving the issue Sloan raises on appeal. *See United States v. Simms*, 914 F.3d 229, 238 n.4 (4th Cir. 2019) (en banc) (explaining that waiver occurs when a party knowingly relinquishes rights before a district court). But even if we overlook this concession, we cannot conclude that any error affected Sloan's substantial rights. Although the court did not directly address Sloan's caretaking argument, the court did assure Sloan that it would take this argument into consideration. Moreover, the court otherwise thoroughly explained the bases for its decision to impose the 120-month sentence recommended by the Sentencing Guidelines. For these reasons, we are satisfied that the court did not reversibly err.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3